# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAIAH HUMPHRIES, | No. 4:20-CV-00064 |
| Plaintiff, | (Judge Brann) |
| v. | |
| THE PENNSYLVANIA STATE UNIVERSITY, JAMES FRANKLIN, and DAMION BARBER, | |
| Defendants. | |

## MEMORANDUM OPINION

### JUNE 16, 2020

### I.  BACKGROUND

Plaintiff Isaiah Humphries has moved for leave to amend his complaint a second time.[1] Defendants have responded.[2] The Court grants Humphries' motion in part and denies it in part.

### II.  DISCUSSION

#### A.  Legal Standards for Leave to Amend

It is well settled in this Circuit that leave to amend should be freely granted. Indeed, the relevant Federal Rule of Civil Procedure provides that "[t]he court should freely give leave when justice so requires."[3]

But in certain circumstances, a plaintiff's ship seeking amendment will not find safe harbor. "Among the grounds that could justify a denial of leave to amend

---

[1] *See* Doc. 29.
[2] *See* Doc. 36.
[3] FED. R. CIV. P. 15(a)(2).

are undue delay, bad faith, dilatory motive, prejudice, and futility."[4] "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. . . . In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."[5]

### B. Analysis

#### 1. Bad Faith; Prejudice

Defendants argue that Humphries' proposed amendment is in bad faith. They offer as support a chronology on their briefing and Humphries' historical amendments. This chronology is, indeed, "suspicious."[6] Yet "in order to deny plaintiff's amendment, and thus preclude a decision on the merits, on the grounds of undue delay and bad faith alone, this [C]ourt would need the very clearest evidence of abuse by plaintiff, and it is this Court's judgment that such evidence simply does not exist on the current record."[7]

Further, "[i]t is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment."[8] The non-moving party "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have

---

[4] *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993).
[5] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted).
[6] *In re Vertis Holdings, Inc.*, 536 B.R. 589, 616 (Bankr. D. Del. 2015), *aff'd*, No. AP 12-51176-CSS, 2016 WL 7031282 (D. Del. Nov. 30, 2016).
[7] *Penn Galvanizing Co. v. Lukens Steel Co.*, 65 F.R.D. 80, 82-83 (E.D. Pa. 1974).
[8] *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978).

offered had the amendments been timely."[9] Here, Humphries is, at essence, trying to add two new causes of action, while also introducing a limited set of facts concerning the United States Department of Education Office for Civil Rights' compliance review of Defendant The Pennsylvania State University.[10] It seems that Humphries' pleading process here has not exactly been a model of efficiency. But this case has not yet reached discovery. Nor has Humphries even submitted arguments in opposition of either of Defendants' motions to dismiss. The Court cannot find that the inconvenience to Defendants and their counsel (by having to make and brief two then-mooted motions to dismiss) tips the line into a genuine showing of prejudice.[11]

### 2. Futility

Yet not all of Humphries' proposed Second Amended Complaint will survive and operate this litigation moving forward. I agree with the multiple district courts, including one within this Circuit, that have held that a plaintiff cannot bring a negligence *per se* claim premised on a defendant's Title IX

---

[9] *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (cleaned up).
[10] *Compare* Doc. 22 at ¶¶ 123-204 (causes of action) *with* Doc. 29-4 at ¶¶ 130-136 (new facts), 137-243 (causes of action).
[11] *See Bechtel*, 886 F.2d at 652, *Adams v. Gould Inc.*, 739 F.2d 858, 869 (3d Cir. 1984) ("In light of the procedural posture of this case at the time of judgment and the failure of defendants to specify any particular prejudice, we hold that the defendants are not prejudiced by the plaintiffs' attempt to amend their complaint in order to assert a new legal theory at this point in the litigation."); *compare with Rolo v. City Investing Co. Liquidating Tr.*, 155 F.3d 644, 655 (3d Cir. 1998) ("duration of this case, and the substantial effort and expense of resolving" defendants' motion to dismiss supported denial of leave to amend); *Cornell & Co.*, 573 F.2d at 824 (amendment prejudiced defendants by preventing them from presenting their defense).

violations.[12] I find these courts' essential reasoning compelling. In short: "it would be illogical for negligence *per se* liability premised on Title IX to exceed or circumvent the requirements of Title IX liability under federal law."[13]

As such, Humphries' negligence *per se* claim premised on Title IX violations is futile. Humphries may not amend his complaint to add this claim.

## III. CONCLUSION

The Court grants in part and denies in part Humphries' motion for leave to amend. Humphries may amend his complaint as provided in Doc. 29-4, except that Humphries may <u>not</u> add a negligence *per se* claim premised on Title IX violations.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[12] *See Jones v. Pi Kappa Alpha Int'l Fraternity, Inc.*, No. 2:16-CV-7720-KM-MAH, 2017 WL 4074547, at *11 (D.N.J. Sept. 13, 2017), *aff'd in part, rev'd in part and remanded*, 765 F. App'x 802 (3d Cir. 2019); *Doe v. Vanderbilt Univ.*, No. 3:18-CV-00569, 2019 WL 4748310, at *18 (M.D. Tenn. Sept. 30, 2019); *Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 703 (M.D. Tenn. 2018), *appeal dismissed*, No. 19-5061, 2019 WL 3202209 (6th Cir. Apr. 26, 2019); *Cash v. Lees-McRae Coll., Inc.*, No. 1:18CV52, 2018 WL 7297876, at *14 (W.D.N.C. Aug. 13, 2018), *report and recommendation adopted*, No. 1:18-CV-00052-MR-WCM, 2019 WL 276842 (W.D.N.C. Jan. 22, 2019); *Doe v. Brown Univ.*, 166 F. Supp. 3d 177, 196-97 (D.R.I. 2016); *Ross v. Univ. of Tulsa*, No. 14-CV-484-TCK-PJC, 2015 WL 4064754, at *4 (N.D. Okla. July 2, 2015); *Doe v. Univ. of S.*, No. 4:09-CV-62, 2011 WL 1258104, at *14 (E.D. Tenn. Mar. 31, 2011); *Houston v. Mile High Adventist Acad.*, 846 F. Supp. 1449, 1457 (D. Colo. 1994).

[13] *Doe v. Vanderbilt Univ.*, No. 3:18-CV-00569, 2019 WL 4748310, at *18 (M.D. Tenn. Sept. 30, 2019).