IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NO.   4:20-CV-00064

ISAIAH HUMPHRIES,

Plaintiff

v

THE PENNSYLVANIA STATE
UNIVERSITY; JAMES FRANKLIN;
and DAMION BARBER

Defendants

**MEMORANDUM OF LAW IN SUPPORT PLAINTIFF'S MOTION TO CERTIFY THE SEPTEMBER 24, 2021, ORDER FOR INTERLOCUTORY APPEAL AND STAY OF THE PROCEEDINGS IN THE DISTRICT COURT PENDING APPEAL**

By:   */s/ Steven F. Marino*
Steven F. Marino, Esquire
PA Attorney I.D. No.   53034
Joseph Auddino, Esquire
PA Attorney I.D. No.   316752
MARINO ASSOCIATES
301 Wharton Street
Philadelphia, PA 19147
Telephone:  (215) 462-3200
Telecopier:  (215) 462-4763
smarino@marinoassociates.net
jauddino@marinoassociates.net

Dated: October 4, 2021            *Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

*Table of Contents* ............................................................ i

*Table of Citations* ..................................................... ii-iii

I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY ........ 1-4

II.    ARGUMENT PRESENTED ........................................... 4-21

III.   CONCLUSION ................................................... 21

*Certification of Compliance*

*Certification of Nonconcurrence*

*Certificate of Service*

*Proposed Order*

# <u>TABLE OF CITATIONS</u>

<u>Cases</u>                                                                                                          <u>Page</u>

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ..........................8

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ...................................................................................8

*Chase Manhattan Bank v. Iridium Africa Corp.,*
    324 F. Supp. 2d 540, 545 (D. Del. 2004) ..................................................5

*In re Chocolate Confectionary Antitrust Litig.,*
    607 F. Supp. 2d 701, 704-05 (M.D. Pa. 2009) ......................................4, 5

*EBC, Inc. v. Clark Bldg. Sys,*
    No. Civ.A. 05-01549, 2008 U.S. Dist. LEXIS 21018, 2008 WL 728541,
    at *2 (W.D. Pa. Mar. 17, 2008) ..................................................................5

*FDIC v. Parkway Executive Office Ctr.,*
    No. Civ.A. 96-121, 1997 U.S. Dist. LEXIS 14939, 1997 WL 611674,
    at *3 (E.D. Pa. Sept. 24, 1997) ..................................................................5

*Katz v. Carte Blanche Corp.,*
    496 F.2d 747, 755 (3d Cir. 1974) ..............................................................4

*Knipe v. SmithKline Beecham,*
    583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) .............................................4, 5

*L.R. v. Manheim Twp. Sch. Dist.,*
    540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) ................................................4

*Morgan v. Ford Motor Co.,*
    No. Civ.A. 06-1080, 2007 U.S. Dist. LEXIS 5455, 2007 WL 269806,
    at *3 (D.N.J. Jan. 25, 2007) .......................................................................5

*Patrick v. Dell Fin. Servs.,*
    366 B.R. 378, 387 (M.D. Pa. 2007) ...........................................................5

*Pennsylvania v. Navient Corp.,*
    No. 3:17-CV-1814, 2019 U.S. Dist. LEXIS 34990,
    at *6 (M.D. Pa. Mar. 5, 2019) ....................................................................4

*Phillips v. Cty. of Allegheny,*
    515 F.3d 224 (3d Cir. 2008) .......................................................................8

*Simon v. United States,*
    341 F.3d 193, 199 (3d Cir. 2003) ...............................................................4

**<u>Statutes</u>**
28 U.S.C. § 1292(b) ....................................... 4, 5, 6, 9, 11, 13, 14, 16, 17, 18, 21

Title IX of the Education Amendments of 1972*,*
    20 USCA § 1681, et seq. ......................................................................2, 6, 9

*The Timothy J. Piazza the Antihazing Law,*
    18 Pa.C.SA. §§ 2801-2811 ................................................................9, 10, 11

**<u>Federal Rule of Appellate Procedure</u>**
F.R.A.P. 5......................................................................................................5

**<u>Federal Rules of Civil Procedure</u>**
Fed. R.Civ. P. 12(b)(6) ...................................................................................3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ISAIAH HUMPHRIES,            :
                                      :
             Plaintiff       :    No.   4:20-cv-00064
     v                          :
                                        :    (The Honorable Matthew W.
THE PENNSYLVANIA STATE    :   Brann)
UNIVERSITY; JAMES FRANKLIN; :
and DAMION BARBER        :
                                        :
             Defendants   :
_____:

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CERTIFY THE SEPTEMBER 24, 2021, ORDER FOR INTERLOCUTORY APPEAL AND STAY OF THE PROCEEDINGS IN THE DISTRICT COURT PENDING APPEAL

Plaintiff, by and through counsel, files this Memorandum of Law in support of Plaintiff's Motion To Certify The September 24, 2021, Order For Interlocutory Appeal And Stay Of The Proceedings In The District Court Pending Appeal in the above-captioned matter.

## I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

This claim is brought by the plaintiff to recover for damage and loss sustained as a result of the physical, emotional, and sexual abuse perpetrated against the plaintiff by plaintiff's football teammates which the University and football coach failed to take reasonable measures to protect against. On October 16, 2020, the plaintiff filed an Amended (Third) Civil Complaint in the United

States District Court For The Middle District Of Pennsylvania.  The plaintiff's action presents claims as set forth: **(1)** Count I of the Complaint advanced claims against defendant The Pennsylvania State University pleading a statutory cause of action asserting that it engaged in behavior which violated the provisions of Title IX of the Education Amendments of 1972, 20 USCA §1681 et seq.; **(2)** Count II of the Complaint advanced claims against defendant The Pennsylvania State University pleading a common law negligence per se cause of action asserting that it engaged in behavior which violated the provisions of the "Timothy J. Piazza Antihazing Law"; **(3)** Count III of the Complaint advanced claims against defendant Damion Barber pleading a common law negligence per se cause of action asserting that he engaged in behavior which violated the provisions of the Timothy J. Piazza Antihazing Law"; **(4)** Count IV of the Complaint advanced claims against defendant The Pennsylvania State University pleading a common law negligence cause of action asserting it breached an assumed duty of care to exercise reasonable care to protect the plaintiff against the abuse of teammates and to refrain from retaliating against the plaintiff for reporting the wrongful teammate behavior; **(5)** Count V of the Complaint advanced claims against defendant James Franklin pleading a common law negligence cause of action asserting he breached an assumed duty of care to exercise reasonable care to protect the plaintiff against the abuse of teammates and to refrain from retaliating against the plaintiff for

reporting the wrongful teammate behavior; **(6)** Count VI of the Complaint advanced claims against defendant Damion Barber pleading a common law negligence cause of action asserting he breached a duty of care to refrain from retaliating subjecting the plaintiff to physical, emotional, and sexual abuse; **(7)** Count VII of the Complaint advanced claims against defendant Damion Barber pleading a common law assault and battery cause of action; **(8)** Count VIII of the Complaint advanced claims against defendants Pennsylvania State University, James Franklin, and Damion Barber pleading a common law negligence Infliction of emotional Distress cause of action.   On November 13, 2020, defendants Pennsylvania State University and James Franklin filed a Motion to Dismiss the Plaintiff's Complaint Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. On September 24, 2021, the Court entered an interlocutory order dismissing with prejudice: Count I against the University for Violation of Title IX of the Education Amendments of 1972; Count II against the University for negligence per se related to the Timothy J. Piazza Antihazing Law; Count IV against the University for negligence; Count V against James Franklin for negligence; and Count VIII against the University and Franklin for negligent infliction of emotional distress.   The September 24, 2021, order did not dismiss Counts III, VI VII, IX and X of the Complaint. The September 24, 2021, order did not resolve the entire case and is

not appealable in the absence of a permissive interlocutory appeal pursuant to U.S.C. § 1292.  The plaintiff's instant application follows.

## II.   **ARGUMENT PRESENTED**

### A.   **STANDARD FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

A court may certify a non-final order for interlocutory appeal under 28 U.S.C. § 1292(b) if: (1) the order "involves a controlling question of law, (2) a substantial ground for difference of opinion exists with regard to the issue involved; (3) an immediate appeal may materially advance the ultimate termination of the litigation;[1] and (4) the issues in the action are of "nationwide significance".[2] The certification decision rests with the discretion of the district court, and the court may decline to certify an order even if the parties have satisfied all elements enumerated in the statute.[3] An order involves a controlling question of law if either (1) an incorrect disposition would constitute reversible error if presented on final appeal or (2) the question is serious to the conduct of the litigation either practically or legally.[4] A substantial ground for difference of opinion exists when

1 28 U.S.C. § 1292(b); Simon v. United States, 341 F.3d 193, 199 (3d Cir. 2003)
2 Pennsylvania v. Navient Corp., No. 3:17-CV-1814, 2019 U.S. Dist. LEXIS 34990, at *6 (M.D. Pa. Mar. 5, 2019)
3 Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008); L.R. v. Manheim Twp. Sch. Dist, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008)
4 Katz v. Carte Blanche Corp, 496 F.2d 747, 755 (3d Cir. 1974);  In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 704-05 (M.D. Pa. 2009)

controlling authority fails to resolve a pivotal matter.[5]  A genuine doubt must exist about the legal standard governing a particular case.[6] The existence of conflicting judicial opinions provides support for certification of an appeal, as does a lack of binding precedent.[7]  Certification for appeal would materially advance the ultimate termination of the litigation if the appeal could eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense.[8]  Cases in which discovery has closed are generally inappropriate for interlocutory appeal because they are rapidly approaching conclusion under their own momentum.[9]

If an original order does not identify a question of law suitable for interlocutory appeal, the order may by amended to include the requisite language.[10]

---

5 Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008);  EBC, Inc. v. Clark Bldg. Sys., No. Civ.A. 05-01549, 2008 U.S. Dist. LEXIS 21018, 2008 WL 728541, at *2 (W.D. Pa. Mar. 17, 2008)

6 Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, at 600; In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 705-06 (M.D. Pa. 2009)

7 See iI.; Morgan v. Ford Motor Co., No. Civ.A. 06-1080, 2007 U.S. Dist. LEXIS 5455, 2007 WL 269806, at *3 (D.N.J. Jan. 25, 2007); Chase Manhattan Bank v. Iridium Africa Corp., 324 F. Supp. 2d 540, 545 (D. Del. 2004)

8 Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, at 599; Patrick v. Dell Fin. Servs., 366 B.R. 378, 387 (M.D. Pa. 2007); In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 707 (M.D. Pa. 2009)

9 Patrick v. Dell Fin. Servs., 366 B.R. 378, 387 (M.D. Pa. 2007); FDIC v. Parkway Executive Office Ctr., No. Civ.A. 96-121, 1997 U.S. Dist. LEXIS 14939, 1997 WL 611674, at *3 (E.D. Pa. Sept. 24, 1997);  In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 707 (M.D. Pa. 2009)

10 Federal Rule of Appellate Procedure 5;  28 U.S.C. §1292(b)

Upon certification of the order for interlocutory appeal, defendant must petition the appellate court for interlocutory review within ten (10) days.[11]

**B.   THE SEPTEMBER 24, 2021, INTERLOCUTORY ORDER DISMISSING WITH PREJUDICE COUNT I AGAINST THE UNIVERSITY FOR VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 INVOLVES A CONTROLLING QUESTION OF LAW AS TO WHICH THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION AND THAT AN IMMEDIATE APPEAL FROM THE ORDER MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE MATTER**

### (i)   <u>The Involvement of Controlling Questions of Law</u>

Count I of the Complaint involves a controlling question of law. The order encompasses the district court's interpretation of the provisions of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq. and whether a cause of action asserting a violation of the provisions of Title IX lies against defendant the Pennsylvania State University. A ruling of the Court's incorrect disposition would constitute reversible error if presented on final appeal.

### (ii)   <u>Substantial Ground for Difference of Opinion</u>

The Court dismissed Count I against the defendant The Pennsylvania State University upon the basis that: (1) the plaintiff's Complaint does not demonstrate that the plaintiff was harassed upon the basis of his sex; and (2) the plaintiff did not sufficiently plead that he was retaliated against for reporting

---

11 28 U.S.C. §1292(b)

harassing behavior.  Determining the plaintiff's Complaint did not demonstrate that the plaintiff was harassed upon the basis of his sex, the Court accepted the plaintiff's well plead facts that the plaintiff was sexually harassed by male football player teammates and that Title IX relief may be awarded on the basis of a theory of impermissible sex stereotyping.   However, the Court concluded the plaintiff failed to state a claim of impermissible sex stereotyping gender-based harassment upon a basis that the plaintiff plead he was harassed because he failed to live up to the expectations of the stereotypical toughness and masculinity expected of a "collegiate football player", rather than, a "man".   The Court apparently chose not to give meaningful consideration to paragraphs 107, 108, 109, 116, 163, 164, 165, 166, 174, where the plaintiff is identified as a male. Despite being required to consider the social norms and general attitudes and beliefs of our society, the Court apparently chose to arrive at a conclusion that there does not exist a gender-inspired stereotypical expectation that male collegiate football players demonstrate masculinity and toughness. Or even more troubling, if such a gender-inspired stereotype exists, that male collegiate football players because of the expectation should endure sexually assaultive behavior in the locker room.   Determining the plaintiff's Complaint did not demonstrate that the plaintiff was retaliated for reporting protected activity, the Court seemingly ignored the well plead facts appearing in paragraph 189 (a)-(k) (misnumbered as paragraph 187 (a)-(k)) of the

pleading. Arriving at its decision to dismiss Count I of the Complaint upon the basis the plaintiff did not sufficiently plead impermissible sex stereotyping, the Court applied a hyper-technical review of the averments of the plaintiff's Complaint and failed to apply judicial experience and common sense during the course of review as required by <u>Bell Atlantic Corp. v. Twombly</u>,[12] <u>Ashcroft v. Iqbal</u>,[13] <u>Phillips v. Cnty. of Allegheny</u>,[14] and their progeny. Applying the appropriate plausibility determination, a fair reading of the plaintiff's Complaint demonstrates substantial grounds for difference of opinion exist with regard to whether the plaintiff has plead facts sufficient for a court to raise a plausible inference that the pleading demonstrated the plaintiff was harassed upon the basis of his sex and retaliated against for reporting harassing behavior.

    **(iii)   An Immediate Appeal From The Order May Materially <u>Advance The Ultimate Termination Of The Matter</u>**

A ruling from the Third Circuit on the district court's dismissal of Count I of the Complaint would materially advance the ultimate termination of the litigation by the avoidance of harm to the plaintiff of a possibly wasted trial time and litigation expense. Absent a ruling of the Third Circuit on the district court's September 24, 2021, interlocutory order dismissing with prejudice Count I of the Complaint the court will being obligated to convene a trial to dispose of Counts III,

---

12 550 U.S. 544 (2007).
13 556 U.S. 662 (2009).
14 515 F.3d 224, 228 (3d Cir. 2008).

VI VII, VIII, IX and X of the Complaint asserted against defendant Damion Barber which involve a nucleus of facts identical to those material to Count I of the Complaint.  A ruling from the Third Circuit on the district court's dismissal of Count I of the Complaint would have the effect of preventing the plaintiff from suffering the possibility of the prejudice and avoidable wasted time and litigation expense of a second trial. Accordingly, the issue of whether the totality of the Complaint raises a plausible inference that defendant The Pennsylvania State University engaged in behavior which violated the provisions of Title IX of the Education Amendments of 1972, 20 USCA § 1681 et seq. should properly be certified for interlocutory appeal under 28 U.S.C. § 1292(b).

**C. THE SEPTEMBER 24, 2021, INTERLOCUTORY ORDER DISMISSING WITH PREJUDICE COUNT II AGAINST THE UNIVERSITY FOR NEGLIGENCE PER SE RELATED TO THE TIMOTHY J. PIAZZA ANTIHAZING LAW INVOLVES A CONTROLLING QUESTION OF LAW AS TO WHICH THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION AND THAT AN IMMEDIATE APPEAL FROM THE ORDER MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE MATTER**

**(i)   The Involvement of Controlling Questions of Law**

Count II of the Complaint involves a controlling question of law. The order encompasses the district court's interpretation of the provisions of the Timothy J. Piazza the Antihazing Law, 2017 Pa. SB 1090, 18 Pa.C.S.A. §§2801-2811, and whether a cause of action asserting a negligence per se theory of liability

9

lies against defendant the Pennsylvania State University arising from a violation of its provisions. A ruling of the Court's incorrect disposition would constitute reversible error if presented on final appeal.

### (ii)    Substantial Ground for Difference of Opinion

The Court dismissed Count II against the defendant The Pennsylvania State University upon the basis that although the plaintiff has sufficiently plead the plaintiff was subjected to wrongful hazing conduct, the plaintiff failed to sufficiently allege the abuse was for the purpose of initiating the plaintiff onto the football team. The Court's interpretation of the parameters of the Timothy J. Piazza the Antihazing Law seemingly ignore language of the statute which proscribes the accepted abuse the plaintiff suffered for the purpose of affiliation of the football team, which encompasses behavior arising after the initiation which may relate to continuing or enhancing a student's membership or status in an organization. Applying the appropriate plausibility determination, a fair reading of the plaintiff's Complaint demonstrates substantial grounds for difference of opinion exist with regard to whether the plaintiff has plead facts sufficient for a court to raise a plausible inference that the pleading demonstrated that the purpose of the abusive conduct had a hazing purpose within the meaning of the provisions of the Timothy J. Piazza the Antihazing Law, 2017 Pa. SB 1090, 18 Pa.C.S.A. §§2801-2811 giving rise to a negligence per se claim against defendant the

Pennsylvania State University.

      **(iii)**    **An Immediate Appeal From The Order May Materially**
              **<u>Advance The Ultimate Termination Of The Matter</u>**

      A ruling from the Third Circuit on the district court's dismissal of Count II of the Complaint would materially advance the ultimate termination of the litigation by the avoidance of harm to the plaintiff of a possibly wasted trial time and litigation expense. Absent a ruling of the Third Circuit on the district court's September 24, 2021, interlocutory order dismissing with prejudice Count II of the Complaint the court will being obligated to convene a trial to dispose of Counts III, VI VII, VIII, IX and X of the Complaint asserted against defendant Damion Barber which involve a nucleus of facts identical to those material to Count II of the Complaint. A ruling from the Third Circuit on the district court's dismissal of Count II of the Complaint would have the effect of preventing the plaintiff from suffering the possibility of the prejudice and avoidable wasted time and litigation expense of a second trial.  Accordingly, the issue of whether the totality of the Complaint raises a plausible inference that defendant The Pennsylvania State University engaged in behavior giving rise to negligence per se claim upon a basis of its violation of the provisions of the Timothy J. Piazza the Antihazing Law, 2017 Pa. SB 1090, 18 Pa.C.S.A. §§2801-2811 should properly be certified for interlocutory appeal under 28 U.S.C. § 1292(b).

**D.    THE SEPTEMBER 24, 2021, INTERLOCUTORY ORDER DISMISSING WITH PREJUDICE COUNT IV AGAINST THE DEFENDANTS PENNSYLVANIA STATE UNIVERSITY FOR NEGLIGENCE AND COUNT V AGAINST JAMES FRANKLIN FOR NEGLIGENCE INVOLVE CONTROLLING QUESTIONS OF LAW AS TO WHICH THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION AND THAT AN IMMEDIATE APPEAL FROM THE ORDER MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE MATTER**

**(i)    <u>The Involvement of Controlling Questions of Law</u>**

Counts IV and V of the Complaint involve controlling question of law. The order involves the district court's interpretation of the application of the Pennsylvania tort law and whether causes of asserting theories of liability sounding in negligence lie against defendants Pennsylvania State University and James Franklin. A ruling of the district court's incorrect disposition would constitute reversible error if presented on final appeal.

**(ii)    <u>Substantial Ground for Difference of Opinion</u>**

The Court dismissed Counts IV and V of the Complaint against defendants The Pennsylvania State University and James Franklin upon the basis that plaintiff's Complaint does not allege facts pursuant to which defendants Pennsylvania State University and James Franklin owe a duty to exercise reasonable care to protect the plaintiff against the abuse of teammates and to refrain from retaliating against the plaintiff for reporting the wrongful teammates behavior.

12

An interlocutory appeal under Section 1292(b) is warranted upon the basis that substantial grounds for difference of opinion exists with regard to whether the plaintiff has plead facts sufficient for a court to raise a plausible inference that defendant The Pennsylvania State University owed a statutory duty of care to protect the plaintiff from being physically, emotionally, and sexually abused by teammates in the locker-room pursuant to the provisions of the Timothy J. Piazza Antihazing Law.  The plaintiff incorporates the discussion above as it set forth herein.

An interlocutory appeal under Section 1292(b) is warranted upon the basis that substantial grounds for difference of opinion exist with regard to whether the plaintiff has plead facts sufficient for a court to raise a plausible inference that defendants The Pennsylvania State University and James Franklin owed a contractual duty of care owed to protect the plaintiff from being physically, emotionally, and sexually abused by teammates in the locker-room as a result of defendant James Franklin having promised the plaintiff that the plaintiff would be treated like family and that defendant James Franklin would protect and promote the health, safety, and welfare plaintiff as if the plaintiff was a "son",  all of which the plaintiff relied upon to his detriment.  Drawing upon judicial experience and common sense and applying the appropriate plausibility determination, a fair reading of the plaintiff's Complaint demonstrates substantial grounds for

difference of opinion exist with regard to whether the plaintiff has plead facts sufficient for a court to raise a plausible inference that the pleading demonstrated defendants The Pennsylvania State University and James Franklin owed a contractual duty of care owed to protect the plaintiff from being physically, emotionally, and sexually abused by teammates in the locker-room.

An interlocutory appeal under Section 1292(b) is warranted upon the basis that substantial grounds for difference of opinion exists with regard to whether the plaintiff has plead facts demonstrating the existence of a "special relationship" between the Penn State defendants and the plaintiff sufficient for a court to raise a plausible inference that defendants The Pennsylvania State University and James Franklin owed a duty of care to protect the plaintiff from being physically, emotionally, and sexually abused by teammates in the locker-room. The parameters of the duty which a University and collegiate athletic coaches owe to recruited-scholarship-athletes participating on the school's intercollegiate athletic team and whether a "special relationship" exists sufficient to impose a duty of reasonable care upon a University and collegiate athletic coaches to protect scholarship-student-athletes from harm being physically, emotionally, and sexually abused by teammates has remained unanswered by the Supreme Court of Pennsylvania. What is clear is: (1)  the Third Circuit Court of Appeals, in what the district court refers to as non-binding authority and has declined to follow, has

14

predicted that the Supreme Court of Pennsylvania would hold that a "special relationship" exists between a University and its student-athletes sufficient to impose a duty of reasonable care upon the University to protect student-athletes under circumstances; and (2) the Pennsylvania Supreme Court has determined that a University owes student-athletes a duty of reasonable care under circumstances upon the theory of assumption, but has yet to specifically address the issue of whether a "special relationship" exists between a student-athlete participating in the school's intercollegiate athletic team and a University or a coach by virtue of the student-athlete's status as a recruited scholarship athlete member of the school's intercollegiate athletic team sufficient to impose a duty of reasonable care upon the University to protect scholarship-student-athlete from being physically, emotionally, and sexually abused by teammates in the locker-room and the contours of any such duty.  Drawing upon judicial experience and common sense and applying the appropriate plausibility determination, a fair reading of the plaintiff's Complaint demonstrates substantial grounds for difference of opinion exist with regard to whether the plaintiff has plead facts sufficient for a court to raise a plausible inference that the pleading demonstrated defendants The Pennsylvania State University and James Franklin owed a duty of care arising from a special relationship to protect the plaintiff from being physically, emotionally, and sexually abused by teammates in the locker-room.

An interlocutory appeal under Section 1292(b) is warranted upon the basis that substantial grounds for difference of opinion exists with regard to whether the plaintiff has plead facts sufficient for a court to raise a plausible inference that defendants The Pennsylvania State University and James Franklin owed a contractual duty of care owed to protect the plaintiff from being physically, emotionally, and sexually abused by teammates in the locker-room as a result of the affirmative conduct undertaken by the defendants The Pennsylvania State University and James Franklin. Drawing upon judicial experience and common sense and applying the appropriate plausibility determination, a fair reading of the plaintiff's Complaint demonstrates substantial grounds for difference of opinion exist with regard to whether the plaintiff has plead facts sufficient for a court to raise a plausible inference that the pleading demonstrated defendants The Pennsylvania State University and James Franklin owed an assumed duty of care to protect the plaintiff from being physically, emotionally, and sexually abused by teammates in the locker-room.

An interlocutory appeal under Section 1292(b) is warranted upon the basis that substantial grounds for difference of opinion exists with regard to whether the plaintiff plead facts sufficient for a court to raise a plausible inference that defendant the Pennsylvania State University owed the plaintiff a duty of reasonable care to protect the plaintiff from being physically, emotionally, and sexually

16

abused by teammates which occurred in the on campus building, the Lasch Building, upon a theory of premise liability in light that the plaintiff specifically plead defendant the Pennsylvania State University was the possessor of the Lasch Building which was open to the public for entry for its business purposes. Applying the appropriate plausibility determination, a fair reading of the plaintiff's Complaint demonstrates substantial grounds for difference of opinion exist with regard to whether the plaintiff has plead facts sufficient for a court to raise a plausible inference that the pleading demonstrated circumstances pursuant to which the defendants the Pennsylvania State University and James Franklin owed the plaintiff a duty by virtue of statute, contract, the doctrine of assumption, the doctrine of implication, and the common law principles of premise liability to exercise reasonable care to protect the plaintiff against the abuse of teammates and to refrain from retaliating against the plaintiff for reporting the wrongful teammates' behavior.  Moreover, an interlocutory appeal under Section 1292(b) is warranted upon the basis that the issues in raised Counts IV and V of the Complaint are of nationwide significance. The Third Circuit's determination of the issues raised in Counts IV and V of the Complaint could potentially have a widespread impact upon the management of scholarship-student-athletes in Universities, not only in the Commonwealth of Pennsylvania, but across the United States.

17

### (iii)   An Immediate Appeal From The Order May Materially <u>Advance The Ultimate Termination Of The Matter</u>

A ruling from the Third Circuit on the district court's dismissal of Counts IV and V of the Complaint would materially advance the ultimate termination of the litigation by the avoidance of harm to the plaintiff of a possibly wasted trial time and litigation expense. Absent a ruling of the Third Circuit on the district court's September 24, 2021, interlocutory order dismissing with prejudice Counts IV and V of the Complaint the court will being obligated to convene a trial to dispose of Counts III, VI VII, VIII, IX and X of the Complaint asserted against defendant Damion Barber which involve a nucleus of facts identical to those material to Counts IV and V of the Complaint. A ruling from the Third Circuit on the district court's dismissal of Counts IV and V of the Complaint would have the effect of preventing the plaintiff from suffering the possibility of the prejudice and avoidable wasted time and litigation expense of a second trial. Accordingly, the issue of whether the totality of the Complaint raises a plausible inference that defendants the Pennsylvania State University and James Franklin owed the plaintiff a duty to exercise reasonable care to protect against from being physically, emotionally, and sexually abused by teammates should properly be certified for interlocutory appeal under 28 U.S.C. § 1292(b).

**E.  THE SEPTEMBER 24, 2021, INTERLOCUTORY ORDER DISMISSING WITH PREJUDICE COUNT VIII AGAINST DEFENDANTS PENNSYLVANIA STATE UNIVERSITY AND JAMES FRANKLIN FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS INVOLVE CONTROLLING QUESTIONS OF LAW AS TO WHICH THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION AND THAT AN IMMEDIATE APPEAL FROM THE ORDER MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE MATTER**

### (i)  <u>The Involvement of Controlling Questions of Law</u>

Count VIII of the Complaint involves a controlling question of law. The order involves the district court's interpretation of the application of the Pennsylvania tort law and whether causes of asserting a theory of liability sounding in negligent infliction of emotional distress lie against the defendants Pennsylvania State University and James Franklin. A ruling of the district court's incorrect disposition would constitute reversible error if presented on final appeal.

### (ii)  <u>Substantial Ground for Difference of Opinion</u>

The Court dismissed Count VIII of the Complaint against the defendantS The Pennsylvania State University and James Franklin upon the basis that plaintiff's Complaint does not allege facts demonstrating the existence of a special relationship between the Penn State defendants and the plaintiff which would give rise to a compensable claim under the tort theory of liability of negligent infliction of emotional distress. Although the Third Circuit Court of Appeals, in what the district court refers to as non-binding authority and has

19

refused to follow, has predicted that the Supreme Court of Pennsylvania would hold that a "special relationship" exists between a University and its student-athletes sufficient to impose a duty of reasonable care upon the University to protect student-athletes under circumstances, no court in Pennsylvania has addressed whether the relationship existing between a recruited-scholarship-athlete participating on the school's intercollegiate athletic team and the coach is a "special relationship" within the meaning of a claim under the tort theory of recovery of negligent infliction of emotional distress. Drawing upon judicial experience and common sense and applying the appropriate plausibility determination, a fair reading of the plaintiff's Complaint demonstrates substantial grounds for difference of opinion exist with regard to whether the plaintiff has plead facts sufficient for a court to raise a plausible inference that the pleading demonstrated the existence of a special relationship between a recruited-scholarship-athlete participating on the school's intercollegiate athletic team and the coach sufficient to impose negligent infliction of emotional distress tort theory of liability.

### (iii)   An Immediate Appeal From The Order May Materially Advance The Ultimate Termination Of The Matter

A ruling from the Third Circuit on the district court's dismissal of Count VIII of the Complaint would materially advance the ultimate termination of the litigation by the avoidance of harm to the plaintiff of a possibly wasted trial

time and litigation expense. Absent a ruling of the Third Circuit on the district court's September 24, 2021, interlocutory order dismissing with prejudice Count VIII of the Complaint the court will being obligated to convene a trial to dispose of Counts III, VI VII, VIII, IX and X of the Complaint asserted against defendant Damion Barber which involve a nucleus of facts identical to those material to Count VIII of the Complaint. A ruling from the Third Circuit on the district court's dismissal of Count VIII of the Complaint would have the effect of preventing the plaintiff from suffering the possibility of the prejudice and avoidable wasted time and litigation expense of a second trial. Accordingly, the issue of whether the totality of the Complaint raises a plausible inference that defendants the Pennsylvania State University and James Franklin are liable to the plaintiff under the tort theory of liability of negligent infliction of emotional distress should properly be certified for interlocutory appeal under 28 U.S.C. § 1292(b).

### III.   **CONCLUSION**

For all the reasons set forth above, plaintiff respectfully requests that this Court amend the September 24, 2021, interlocutory order to set forth expressly the statement specified in 28 U.S.C. §1292 that the interlocutory order involves a controlling question of law to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

ultimate termination of the matter and stay the proceedings in the district court pending appeal in the above-captioned matter.


Respectfully submitted,

By: /s/ *Steven F. Marino*
   Steven F. Marino, Esquire
   PA Attorney I.D. No.   53034
   Joseph Auddino, Esquire
   PA Attorney I.D. No.   316752
   MARINO ASSOCIATES
   301 Wharton Street
   Philadelphia, PA 19147
   Telephone:  (215) 462-3200
   Telecopier:  (215) 462-4763
   smarino@marinoassociates.net
   jauddino@marinoassociates.net

Dated: October 4, 2021  *Attorneys for Plaintiff*