IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAIAH HUMPHRIES,<br><br>      Plaintiff,<br><br>v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY; JAMES FRANKLIN; and DAMION BARBER,<br><br>      Defendants. | Case No.: 4:20-cv-00064-MWB<br><br>JURY TRIAL DEMANDED |

## UNIVERSITY DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

This Court gave Plaintiff Isaiah Humphries ("Humphries") *four chances* to plead facts giving rise to a cause of action against The Pennsylvania State University (the "University") or James Franklin ("Coach Franklin" and, together, the "University Defendants").  He failed each time.  Now, Humphries pleads for permission to assert an appeal from the Court's interlocutory order dismissing his claims against the University Defendants, wrongly contending that there is some "difference of opinion" as to the well-settled law regarding his pleading obligations.  For the reasons set forth here, Humphries' Motion should be denied, and he should be ordered to *finally* proceed to the merits of his case.

## I.   BACKGROUND

The Court is familiar with the procedural and substantive history of this matter, as it has had occasion to review *four iterations* of Humphries' causes of action against the University Defendants and Damion Barber.  Most recently, the Court reviewed Humphries' 105-page, 348-paragraph Third Amended Complaint filed on October 16, 2020, and in which Humphries asserted five causes of action against the University Defendants.  *See* Dkt. No. 58.  In its September 24, 2021 Memorandum Opinion, the Court dismissed each one with prejudice:

- The Court first dismissed Humphries' negligence claims against the University and Coach Franklin because neither party owed Humphries any duty to protect him from third parties.  *See* Dkt. No. 75 at pp. 16-46.  In doing so, the Court observed that no court applying Pennsylvania law has imposed a duty upon a school or athletics coach to protect a student-athlete from harm by a third party.

- The Court next dismissed Humphries' negligence *per se* claim against the University based on purported violations of the Timothy J. Piazza Antihazing Law because Humphries asserted no facts to demonstrate that any conduct to which he allegedly was subjected was for the purpose of "initiating" him to a University organization.  *Id*. at pp. 46-51.

- The Court then dismissed Humphries' negligent infliction of emotional distress claim against the University and Coach Franklin on multiple bases, including that no court applying Pennsylvania law has ever held that such a claim may be based on the relationship between a student-athlete and either his school or his coach.  *Id*. at pp. 51-58.

- The Court dismissed Humphries' Title IX claim against the University because Humphries lacked any facts demonstrating that he was harassed "because of sex" or that the University retaliated against him for any report of sexual harassment.  *Id*. at pp. 58-66.

Though the Court dismissed the University Defendants from the matter with prejudice, Humphries' claims against former teammate Damion Barber remain. For that reason, the Court's September 24, 2021 Order is interlocutory and not appealable as of right under the Federal Rules of Civil Procedure. Knowing that he cannot assert an appeal from that Order without the Court's permission, Humphries filed a Motion to Certify the September 24, 2021 Order for Interlocutory Appeal (the "Motion") in which he asks this Court to amend its Order to authorize interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay trial proceedings pending the outcome of that appeal. *See* Brief in Support of Motion (the "Brief") at pp. 21-22. Humphries, however, gives this Court no grounds to permit him to assert an interlocutory appeal from its September 24, 2021 Order. His Motion should therefore be dismissed.

## II.   ARGUMENT

### 1.   Legal Standard

"As a general rule, a matter may not be appealed to the Third Circuit unless it is a final judgment." *Craig v. Rite Aid Corp.*, No. 08-CV-2317, 2010 WL 1994888, at *1 (M.D. Pa. Feb. 4, 2010). However, federal law authorizes a party to appeal from a non-final, interlocutory order in "exceptional circumstances" where a would-be appellant satisfies "all of the following three requirements": "The order must (1) involve a 'controlling question of law,' (2) offer 'substantial

ground for a difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" *Id*. at *2-*3; *see* 28 U.S.C. § 1292(b).  A court should certify "an order for immediate appeal only if all three requirements" are met, and the "burden is on the movant to demonstrate that" immediate appeal is warranted.  *Metso Paper USA, Inc. v. Bostik, Inc.*, No. 3:08-CV-772, 2010 WL 11678235, at *1 (M.D. Pa. June 9, 2010) (citation omitted).

"Even if those elements are met, however, the decision whether to certify remains in the Court's discretion."  *Bamat v. Glenn O. Hawbaker, Inc.*, No. 4:18-CV-01898, 2019 WL 8163866, at *1 (M.D. Pa. Dec. 4, 2019) (Brann, J.).  In exercising that discretion, the Court must be "mindful of the strong policy against piecemeal appeals."  *Sayles v. Allstate Ins. Co.*, No. 3:16-CV-01534, 2017 WL 2985402, at *1 (M.D. Pa. July 13, 2017) (citing *Link v. Mercedes-Benz of N. Am.*, 550 F.2d 860, 863 (3d Cir. 1977), *cert. denied*, 431 U.S. 933 (1977)).

### 2. There is No "Substantial Ground for Difference of Opinion" as to Any Dispositive Issue—and Humphries Points to None

The Court should deny Humphries' Motion because he cannot demonstrate that there exists "substantial ground for difference of opinion" as to any of the bases on which the Court dismissed with prejudice the claims against the University Defendants.  To satisfy this element, Humphries must demonstrate that his appeal involves "difficult and pivotal questions of law not settled by controlling

authority" or circumstances "where there is genuine doubt or conflicting precedent as to the correct legal standard." *Snider v. Pennsylvania Dep't of Corr.*, No. CV 15-951, 2019 WL 6499570, at *2 (M.D. Pa. Dec. 2, 2019), *appeal dismissed*, No. CV 19-3942, 2020 WL 3272982 (3d Cir. June 8, 2020). To do so, he must establish that "different courts have issued conflicting and contradictory opinions when interpreting a particular question of law." *Miron v. Seidman*, No. CIV.A. 04-968, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006).

Failure to point to "conflicting and contradictory opinions" will be fatal to Humphries' Motion. *See Davis v. State Farm Ins.*, No. 11-CV-3401, 2013 WL 775524, at *4 (E.D. Pa. March 1, 2013) (denying certification where plaintiff "put forth virtually no argument as to why there [were] substantial grounds for difference of opinion on the two issues and [had] offered no conflicting or contradictory opinions from other courts."). Indeed, "[m]ere disagreement with the district court's ruling does not suffice" to justify a request for immediate, interlocutory appeal. *Glover v. Udren*, No. CIV. 08-990, 2013 WL 3072377, at *3 (W.D. Pa. June 18, 2013) (citing *Snook v. Penn State Geisinger Health Plan*, 2002 WL 34463156, at *5 (M.D. Pa. March 4, 2002) ("While the [plaintiffs] may not be content with our ruling, their unhappiness, without more, is no basis to allow an appeal")).

Here, Humphries has "not pointed out … any legal authority that contradicts" this Court's analysis or the ample case law cited in its September 24, 2021 Order. *Snook v. Penn State Geisinger Health Plan*, No. 4:CV-00-1339, 2002 WL 34463156, at *5 (M.D. Pa. Mar. 4, 2002); *see Joan Summy-Long v. Pennsylvania State Univ.*, No. 1:06-CV-1117, 2016 WL 74767, at *6 (M.D. Pa. Jan. 7, 2016) (Brann, J.) (denying motion for certification where "[n]one of the hallmarks of a split in authority apply to the Court's decision"). In fact, Humphries cites to no *judicial* opinion at all, relying instead on his *personal* opinion that this Court erroneously granted the University Defendants' Motion to Dismiss his claims:

- Humphries contends that the Court erred in dismissing his negligence claims. *See* Brief at pp. 12-18. However, he does not cite to one case in his seven-page discussion of those claims, let alone a case that conflicts with the Court's analysis.[1]

- Humphries contends that the Court erred in dismissing his negligence *per se* claims, *see* Brief at pp. 9-11, but he—again—does not cite to *one case* to establish that the University could be liable under the Timothy J. Piazza Antihazing Law where he concedes that he was subjected to conduct meant "to ostracize and isolate" from, rather than initiate him into, the football program. *See* Dkt. No. 75 at p. 49.

- Humphries contends that the Court erred in dismissing his negligent infliction of emotional distress claim, but his argument is based solely

---

[1] This is no surprise because the Court has already observed Humphries was unable to cite any authority at all in significant portions of his prior briefing on this claim. *See* Dkt. No. 75 at pp. 17 ("Humphries again cites no law."), 24 ("Humphries has provided no grounds for us to predict that the Pennsylvania Supreme Court would depart from" decisions of federal courts applying Pennsylvania law.).

on his misinterpretation of case law. *See* Brief at pp. 19-21. Humphries has not, either now nor in prior briefing, come forward with any authority demonstrating that a student-athlete and either his coach or his school shared a relationship that could give rise to a claim for negligent infliction of emotional distress.

- Humphries asserts that the Court erred in dismissing his Title IX claim because it took a "hyper-technical" view of his allegations and chose "not to give meaningful consideration" to certain paragraphs. *See* Brief pp. at 6-9. Humphries does not point to any authority demonstrating that the facts asserted in his pleading could give rise to a viable Title IX claim against the University.

Because Humphries "cites *no* cases in support of [his] argument that there is a substantial difference of opinion" as to any dispositive issue, he is really "seeking reconsideration styled as a motion for section 1292(b) certification." *Glover v. Udren*, No. CIV. 08-990, 2013 WL 3072377, at *3 (W.D. Pa. June 18, 2013). Humphries' Motion fails, and should be dismissed, because he fails to satisfy a requisite element set forth in 28 U.S.C. § 1292(b).

### 3. Immediate Appeal would Not "Advance the Ultimate Termination" of This Litigation

Humphries—a plaintiff who filed four facially deficient complaints and multiple superfluous motions over the course of 10 months—is worried for the first time about "wasted … litigation expense," contending that an immediate appeal would advance the ultimate termination of this matter by eliminating the risk that he would be forced to try his case for a second time if the Court's Order is

reversed. Brief at p. 18. He is wrong as a matter of law,[2] and his motion should be denied on this basis, too.

In addition to demonstrating "substantial difference of opinion," Humphries must demonstrate that immediate appeal will "materially advance the ultimate termination of this litigation" because it "would (1) obviate the need for trial; (2) eliminate complex issues, thereby greatly simplifying the trial; or (3) eliminate issues thus making discovery much easier and less costly." *Snider*, *supra* at \*2. Critically, this Court must also consider whether an "interlocutory appeal will … eliminate the need for trial *on all*" of Humphries' causes of action. *United States ex rel. Kosenske v. Carlisle HMA, Inc.*, No. 1:05-CV-2184, 2010 WL 11714074, at \*1 (M.D. Pa. Apr. 12, 2010) (emphasis added); *Wheeland Fam. Ltd. P'ship LP v. Rockdale Marcellus LLC*, No. 4:18-CV-01976, 2019 WL 4687665, at \*5 (M.D. Pa. Sept. 26, 2019) (Brann, J.) (denying motion for certification because "interlocutory appeal would therefore not obviate the need for trial"). To that end, where "certification has the effect of *adding issues* for trial, as opposed to clarifying or eliminating such issues, *certification should not be employed*." *Glover v. Udren*,

---

[2] Section 1292(b) is intended to avoid "a wasted protracted trial if it could early be determined that there might be no liability." *Procter & Gamble U.S. Bus. Servs. Co. v. Est. of Rolison*, No. 3:17-CV-762, 2021 WL 1269899, at \*1 (M.D. Pa. Apr. 6, 2021), on reconsideration in part sub nom. *Procter & Gamble U.S. Bus. Servs. Co. on Behalf of Procter & Gamble Profit Sharing Tr. & Emp. Stock Ownership Plan v. Est. of Rolison*, No. 3:17-CV-762, 2021 WL 4130550 (M.D. Pa. Sept. 9, 2021) (citation omitted) (emphasis added). As set forth below, the goal of Section 1292(b) is to simplify or reduce issues for trial, whereas Humphries seeks to do the exact opposite.

No. CIV. 08-990, 2013 WL 3072377, at *3 (W.D. Pa. June 18, 2013); *see also Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994) (denying motion for certification because "an appellate order vacating this Court's order and remanding the matter back to the district court, would serve to add, and not eliminate, issues for disposition at trial").

Here, immediate appellate review of this Court's September 24, 2021 Order would not "advance the ultimate termination" of this litigation because Humphries cannot satisfy any of the requisite considerations. First, there is no way in which immediate appeal could obviate the need for trial. To the contrary, "a trial will most likely occur on the remaining issues in this action regardless of the outcome of any interlocutory appeal." *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994) (denying motion for certification).

Second, immediate appellate review will not "eliminate complex issues" in order to simplify the trial. It could only *complicate* the matter by adding additional parties and claims, only to have them be dismissed (for a second time) by summary disposition or at trial. *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008) ("Courts in overwhelming numbers have denied petitions for interlocutory appeals when a successful appeal would not narrow or dispose of issues in the case and would delay an imminent trial.").

Third, immediate appeal could not "eliminate" or streamline discovery because, again, Humphries' goal is to revive as many as *five claims* against the University Defendants, which would broaden discovery and the resulting burden and costs. *Joan Summy-Long v. Pennsylvania State Univ.*, No. 1:06-CV-1117, 2016 WL 74767, at *7 (M.D. Pa. Jan. 7, 2016) (Brann, J.) (denying motion to certify because interlocutory appeal "would risk increasing the discovery burden"); *Bracco Diagnostics, Inc. v. Xl Select Ins. Co.*, No. CIV. 06-1066(AET), 2007 WL 2212862, at *1 (D.N.J. July 31, 2007) (denying motion for certification where "appeal will not eliminate the need for trial, but rather would potentially make a trial more drawn-out" and where "discovery would not be minimized").

In light of the foregoing, Humphries' Motion should be denied because it would not advance the ultimate termination of the litigation.

### 4. Humphries Fails to Articulate "Exceptional Circumstances" Warranting Interlocutory Appeal

Lastly, "[w]hat confirms the inappropriateness of certification is that [Humphries] does not identify any exceptional circumstances warranting departure from the 'basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment.'" *Griggs Rd., L.P. v. Selective Way Ins. Co. of Am.*, No. 4:17-CV-00214, 2019 WL 3230916, at *3 (M.D. Pa. May 22, 2019) (Brann, J.). As this Court once observed, exceptional circumstances are found in unique cases where "issues like international comity are implicated,

-10-

billions of dollars are at stake, and an interlocutory appeal has been pending in the same case." *Id*. No such issues are implicated here, and Humphries does not attempt to establish otherwise. *See Joan Summy-Long v. Pennsylvania State Univ.*, No. 1:06-CV-1117, 2016 WL 74767, at *2 (M.D. Pa. Jan. 7, 2016) (Brann, J.) ("It is thus often repeated that '[a]n interlocutory appeal should be reserved for "exceptional cases."'").

While Humphries "disagrees with" the Court's Order, his contrary view "does not meet his burden of demonstrating 'exceptional circumstances [that] justify a departure from the basic policy'" against piecemeal litigation through interlocutory review. *Snider*, *supra* at *2. Even if he could satisfy each of the three requisite elements set forth in 28 U.S.C. § 1292(b), which he cannot (as was discussed above), his Motion fails on this basis and should be denied.

### III.   CONCLUSION

Humphries fails to carry his burden to establish that immediate interlocutory review of the Court's dismissal Order is warranted pursuant to 28 U.S.C. § 1292(b). The University Defendants request that the Court deny his Motion and order Humphries to proceed to the merits of his case.

Date: October 18, 2021　　　　　　　**JONES DAY**

*/s/ Matthew A. Kairis*
Matthew A. Kairis
Admitted *Pro Hac Vice*
2727 North Harwood Street, Suite 600
Dallas, TX 75201-1515
(214) 220-3939
makairis@jonesday.com

James S. Urban (Pa. I.D. 82019)
Katherine McLay (Pa. I.D. 320191)
Admitted *Pro Hac Vice*
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Telephone: (412) 391-3939
jsurban@jonesday.com
kmclay@jonesday.com

**McNEES WALLACE & NURICK LLC**

James P. DeAngelo (Pa. ID No. 62377)
Carol Steinour Young (Pa. ID No. 55969)
Sarah Hyser-Staub (Pa. ID No. 315989)
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 232-8000
jdeangelo@mcneeslaw.com
csteinour@mcneeslaw.com
sstaub@mcneeslaw.com

*Attorneys for The Pennsylvania State University and James Franklin*

## CERTIFICATION OF COMPLIANCE

The undersigned counsel certifies that the foregoing brief complies with the word-count limitation stated in L.R. 7.8(b)(2). Omitting the case caption and counsel's signature block but including all footnotes, this brief contains 2,661 words as determined by counsel's word processor.

/s/ *Matthew A. Kairis*

*Attorney for The Pennsylvania State University and James Franklin*