# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAIAH HUMPHRIES,<br><br>                           Plaintiff,<br><br>v.<br><br>DAMION BARBER,<br><br>                           Defendant. | Case No.: 4:20-CV-00064-MWB |

**[PROPOSED] PROTECTIVE ORDER GOVERNING THE USE AND DISCLOSURE OF INFORMATION BELONGING TO THE PENNSYLVANIA STATE UNIVERSITY**

AND NOW, this ____ day of _____, 2022, upon consideration of The Pennsylvania State University's Motion for Protective Order, together with any response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED. The Pennsylvania State University (the "<u>University</u>"), Plaintiff Isaiah Humphries, and Defendant Damion Barber (together, the "<u>Parties</u>") shall be bound by the following terms as part of this proceeding (the "<u>Action</u>").

## I.    DEFINITIONS

1.    For purposes of this Order, the term "<u>Confidential Information</u>" shall mean information contained in any document, discovery response, testimony, or other material produced or provided by the University to Humphries or Barber that is marked or designated by the University as "Confidential" and is reasonably and

1

in good faith considered to include sensitive personal information; information protected from disclosure by statute; information related to current or former students at the University, including student education records protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, 34 CFR Part 99; personnel information related to University employees; and other information the disclosure of which would breach a legal or contractual obligation. Confidential Information also includes the contents of any draft Investigative Report (together with attachments) generated by the University's Office of Sexual Misconduct Prevention and Response in Humphries' possession as of the date of this Order regardless of whether that draft Investigative Report was produced by the University in the course of this Action.

**II.     DESIGNATIONS**

2.     The University shall mark documents or pages of documents containing Confidential Information with the label "CONFIDENTIAL" in a manner that will not interfere with the legibility of the document.

3.     Deposition testimony or portions of deposition testimony by a current or former University officer, director, employee, agent, or representative that contains Confidential Information may be marked as "CONFIDENTIAL" at the deposition or within thirty (30) days after receipt of the transcript provided the

testimony so designated concerns Confidential Information or describes documents which have been designated as "CONFIDENTIAL."

4. In the event that the University fails to designate any documents; materials; or testimony of current or former University officer, director, employee, agent, or representative containing personal information belonging or relating to a current or former student at the University as "CONFIDENTIAL," the entities bound by this Order shall treat all such information as Confidential Information that is protected from disclosure pursuant to the terms of this Order.

### III. USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

5. No Confidential Information shall be used by Humphries or Barber for any purpose whatsoever other than for the prosecution or defense of this Action and any appellate proceedings relating thereto.

6. Confidential Information shall not be disclosed to any person other than:

   a. Humphries, Barber, and counsel of record in this Action, including their legal staffs;

   b. Experts or consultants retained by counsel on behalf of Humphries or Barber;

    c.    Any actual or proposed deponent or witness, to the extent such information is necessary to prepare that witness to testify, or to question the witness, at deposition or at trial;

    d.    The Court and its staff;

    e.    The jury at trial;

    f.    Any videographers and court reporters;

    g.    Any third party retained or appointed as mediator; or

    h.    Other persons by prior written consent of the University or upon order of the Court in this Action and on such conditions as may be agreed upon or so ordered.

7. Any person to whom Confidential Information is disclosed shall first be advised by counsel making the disclosure that the material is being disclosed pursuant to this Order and shall not be disclosed to any other person other than those authorized to have access pursuant to Paragraph 6 above. The Party intending to disclose Confidential Information pursuant to Paragraph 6 shall secure from each person to whom Confidential Information will be disclosed a written agreement (in the form attached as Exhibit A) stating that the person has read this Order and agrees to be bound by it. Counsel for the disclosing party shall provide a copy of that agreement to the University in advance of any disclosure and shall

maintain in its possession any such written agreements until the termination of this Action.

8. Humphries and Barber shall not disclose or discuss any Confidential Information with anyone other than those individuals and entities listed in Paragraph 6 of this Order unless required to do so by law or compulsory legal process. If Humphries or Barber are served with any legal process or other request seeking production of Confidential Information, such person shall give the undersigned counsel for the University: (a) immediate written notice of the receipt of such request; (b) a copy of any proposed response to such request at least five business days prior to furnishing such response; and (c) immediate written notice of any hearing or other proceeding relating to such request. Nothing herein shall be construed as requiring Humphries or Barber to refuse to comply with its legal obligations regarding such process or request.

**IV.   INADVERTENT DESIGNATIONS & DISCLOSURES**

9. In the event that the University inadvertently fails to designate Confidential Information as "CONFIDENTIAL" pursuant to Paragraphs 2 or 3, the University may subsequently designate or change the designation by notifying all Parties to whom the Confidential Information has been disclosed in writing. The Parties, on notice of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order.

    a.    An inadvertent failure to mark a document as "CONFIDENTIAL" does not, standing alone, waive the right to so designate the document or constitute evidence that the information is not "CONFIDENTIAL" as understood by this Order or by the University.

    b.    Humphries or Barber will not be found to violate this Order for failing to maintain the confidentiality of information during a time when such material was not designated by the University as "CONFIDENTIAL"; provided, however, that the unauthorized disclosure of personal information belonging to or relating to a current or former student at the University, which shall be regarded as Confidential Information regardless of designation pursuant to Paragraph 4, shall constitute a violation of this Order.

10.    In the event Humphries or Barber inadvertently disclose Confidential Information or materials marked as "CONFIDENTIAL" to a person or entity not otherwise permitted to receive Confidential Information pursuant to Paragraph 6, he shall, immediately upon learning of the disclosure:

    a.    Promptly notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Information protected by the terms of this Order; and

   b. Immediately make all reasonable and necessary efforts to secure the return of and preclude dissemination or use of the Confidential Information by the person or entity to whom disclosure was inadvertently made.

  11. The inadvertent production or disclosure by the University of any document or materials protected by the attorney-client privilege, work product protection, or common interest/joint defense privilege shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity.  If, after learning of the such inadvertent disclosure, the University wishes to assert its privilege or protection, it shall promptly send a written request for return of the privileged materials to Humphries and/or Barber.  Within five (5) business days of receiving such a request, Humphries and/or Barber shall return all materials the University contends to be privileged, shall destroy all copies of such materials, and shall not utilize any information contained in such materials for any purpose.  If either Humphries or Barber shared any materials the University contends to be privileged with any other party, person, or entity, he shall promptly notify the person or entity to whom the disclosure was made that the disclosure contains privileged information and promptly make all reasonable and necessary efforts to obtain the return of and preclude dissemination or use of the privileged information by the person or entity to whom disclosure was inadvertently made.

**V.     FILING OF CONFIDENTIAL INFORMATION**

12.     In the event that Humphries or Barber wish to file documents or materials containing Confidential Information, or to file a pleading, motion, or brief that quotes from or reveals the substance of Confidential Information contained within such "CONFIDENTIAL" document or testimony (a "Confidential Filing"), he shall: (a) move to file the Confidential Filing under seal in accordance with the procedures set forth in Local Rule 49 ("Filing of Documents under Seal") of the United States District Court for the Middle District of Pennsylvania and serve such motion upon each other Party; (b) at the same time, file a public-record version of the Confidential Filing with the Confidential Information or materials designated as "CONFIDENTIAL" redacted or excluded; and (c) at the same time, serve an un-redacted version of the Confidential Filing upon each other Party.

**VI.    OTHER OBLIGATIONS**

13.     The terms of this Order shall not terminate at the conclusion of the Action.  Rather, the confidentiality and nondisclosure obligations of this Order shall remain in full force and effect following any dismissal or entry of final judgment in this Action which is not subject to further appeal.

14.     Within fourteen (14) calendar days of termination of this Action and any related proceedings and appeals, Humphries, Barber, and any other person or

entity in possession of Confidential Information or materials marked as "CONFIDENTIAL" shall either: (1) return such material to counsel for the University; or (2) certify to counsel for the University in writing that all such material and copies, summaries, and extracts thereof have been irreparably destroyed; provided, however, that the signatories to this Order and their counsel may retain copies of work product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to such Confidential Information, with such papers remaining subject to the terms and conditions of this Order.

15.    This Order applies to pretrial filings (including without limitation summary judgment submissions (moving or opposing) and motions to compel (moving or opposing)), which must be filed under seal in whole or in part to the extent necessary to protect against the disclosure of Confidential Information. Humphries and Barber agree to meet and confer with the University regarding the disclosure of Confidential Information at trial or hearing and further agree that the University is free to propose, and that they will meaningfully consider, additional measures intended to protect Confidential Information from unnecessary disclosure at such hearing or trial.  Absent agreement, the University may seek protection from the Court.

16. During the course of this Action, the University is free to propose additional, heightened measures that it believes to be appropriate, such as "Attorney Eyes Only" measures, and all Parties must to meet and confer regarding any such request in an attempt to reach consensus about such measures. Absent agreement, the University may seek protection from the Court.

BY THE COURT:

_____
**Matthew Brann, United States District Judge**

<u>EXHIBIT A</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAIAH HUMPHRIES, | Case No.: 4:20-CV-00064-MWB |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| DAMION BARBER, | |
| Defendant. | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER GOVERNING THE USE AND DISCLOSURE OF INFORMATION PRODUCED BY THE PENNSYLVANIA STATE UNIVERSITY**

I, _____, the undersigned, hereby acknowledge that I have received a copy of the Protective Order Governing the Use and Disclosure of Information Produced by The Pennsylvania State University (the "Order") entered in this Action, and agree as follows:

1. I have carefully read the Order and agree to be bound by all of the terms and conditions set forth therein.

2. I recognize that during my participation in this Action, I may have occasion to receive information or documents that a Party has determined to be Confidential Information. I agree not to disclose any such matter to any person not entitled to receive disclosure of same under the provisions of the Order and to use

1

any such matter solely in connection with my participation in this Action.

    3.    I agree to return any materials protected by the Order to counsel for the Party that supplied me with such materials as soon as my participation in the Action is concluded.

    4.    I agree to submit to the authority of this Court for the purpose of enforcement of the Order.

Dated: _____, 20_____.

By:_____

Print Name: _____

Print Address: _____

_____